FILED 76
Mr. Jack Runyan, Director Missouri Department of Agriculture Post Office Box 630 Jefferson City, Missouri 65101
Dear Mr. Runyan:
This is in response to your request for a formal opinion from this office posing the following questions:
 "(1) Is a corporation, incorporated for the purpose of farming and the ownership of agricultural land in Missouri, whose shares of voting stock are wholly owned and held by a family farm corporation, as defined by Section 350.010(5) RSMo Supp. 1975, either an `authorized farm corporation' or a `family farm corporation' within the meaning of Section 350.010(2) or (5), respectively.
 "(2) If the wholly owned subsidiary corporation referred to in Question 1, above, is not a family farm corporation or an authorized farm corporation, but owned agricultural land and operated said land as a farm prior to September 28, 1975, may it continue to engage in farming, within the meaning of Sections 350.010(6) and 350.015(3), in Missouri.
 "(3) If the wholly owned subsidiary corporation referred to in Questions 1 and 2 above may engage in farming in Missouri, is it required to file reports with the Director of the Missouri Department of Agriculture, pursuant to 350.020."
The sections you refer to in your request are part of Chapter 350, RSMo Supp. 1975, enacted in 1975 by the Missouri General Assembly and entitled "An act relating to agricultural lands; regulating the ownership of such land by certain corporations; with penalty provisions." Laws 1975, p. ____, S.C.S.H.C.S.H.B. No. 655, Sections 1-5. Section 350.010(2) and (5) define, for the purposes of the act, an "authorized farm corporation" and "family farm corporation", as follows:
 "(2) `Authorized farm corporation' means a corporation meeting the following standards:
 (a) All of its shareholders, other than any estate, or revocable and irrevocable trusts are natural persons;
 (b) It must receive two-thirds or more of its total net income from farming as defined in this section;"
* * *
 "(5) `Family farm corporation' means a corporation incorporated for the purpose of farming and the ownership of agricultural land in which at least one-half of the voting stock is held by and at least one-half of the stockholders are members of a family related to each other within the third degree of consanguinity or affinity including the spouses, sons-in-law and daughters-in-law of any such family member according to the rules of the common law, and at least one of whose stockholders is a person residing on or actively operating the farm, and none of whose stockholders are a corporation prohibited by section 350.015 from entering into farming, or any corporation which is subject to the controlled expansion provisions of section 350.015; provided that a family farm corporation shall not cease to qualify as such hereunder by reason of any gift, devise or bequest of shares of voting stock. A person actively operating a farm shall include, but not be limited to, a person who has an ownership interest in the family farm corporation and exercises some management control or direction."
The questioned corporation you refer to is a corporation wholly owned by a family farm corporation as defined in Section 350.010
(5). We understand your inquiry to be whether this corporate arrangement qualifies the subsidiary as an authorized or family farm corporation.
In construing statutory language, it is essential to determine the intent and object of the legislature in enacting the statute in question by giving the words used therein their plain, rational and ordinary meaning. DePoortere v. CommercialCredit Corporation, 500 S.W.2d 724 (Mo.Ct.App. at Spr. 1973);United Air Lines, Inc. v. State Tax Commission, 377 S.W.2d 444
(Mo.Banc 1964). Where the language of the statute is plain and unambiguous, the General Assembly is presumed to have intended exactly what is directly stated in the statute. State v. Kraus,530 S.W.2d 684 (Mo.Banc 1975); State ex rel. Zoological ParkSubdistrict of the City and County of St. Louis v. Jordan,521 S.W.2d 369 (Mo. 1975); State ex rel. State Highway Commissionv. Wiggins, 454 S.W.2d 899 (Mo.Banc 1970). Applying these guidelines to Section 350.010(2) and (5), it is clear that the corporation referred to in question 1 can neither qualify as an "authorized farm corporation" nor as a "family farm corporation". The questioned corporation is not an "authorized farm corporation" as none of its shareholders are natural persons. Further, the questioned corporation cannot qualify as a "family farm corporation" as none of its shareholders are "members of a family related to each other within the third degree of consanguinity or affinity including the spouses, sons-in-law and daughters-in-law", and further, not one of its shareholders is a "person residing on or actively operating the farm." Rather, all of the shares of the questioned corporation are owned and held by another corporation and not by natural persons or members of a family.
The direct purpose and object of the Farming Corporations Act is the restriction and regulation of farming and ownership of agricultural land by certain corporations. Had the legislature intended to allow corporations of the type referred to in your question 1 to engage in farming or own agricultural land, it could have done so. However, the plain meaning of Section 350.010(2) and (5) indicates that either all of the shareholders of the corporation must be natural persons or in the latter case, at least half must be members of a family. Therefore, the subsidiary corporation referred to in your question 1 cannot qualify as an "authorized farm corporation" or "family farm corporation" within the meaning of Section 350.010(2) and (5).
In response to your second question, we refer you to Attorney General's Opinion Letter No. 224, issued December 21, 1976, copy enclosed, in which it was held that Chapter 351, RSMo, relating to formation of corporations, permits incorporation only for "lawful purposes", and therefore, a corporation may not be incorporated for the purpose of engaging in farming or owning agricultural lands unless that corporation meets one of the exceptions outlined in Section 350.015 of the Farming Corporations Act. In his opinion, the Attorney General stated:
 "The law clearly permits incorporation only for `lawful' purposes. Chapter 350 outlines allowable purposes for corporate farming. Since Section 351.020 allows corporations to be formed only for lawful purposes, any entity which seeks incorporation for any purpose prohibited in Chapter 350 should be denied incorporation. As a result, Section 350.015 prohibits the incorporation of any entity to engage in farming unless that entity meets the exceptions outlined in Section 350.015. Consequently, entities which can come within the exceptions of Section 350.015
should be allowed to incorporate."
It is therefore our opinion that Section 350.015 prohibits any corporation from engaging in farming or owning agricultural land unless that corporation meets one of the exceptions outlined in subsections 1-10 of Section 350.015. Section 350.015
provides:
 "After September 28, 1975, no corporation not already engaged in farming shall engage in farming; nor shall any corporation, directly or indirectly, acquire, or otherwise obtain an interest, whether legal, beneficial or otherwise, in any title to agricultural land in this state, provided, however, that the restrictions set forth in this section shall not apply to the following:
 (1) A bona fide encumbrance taken for purposes of security;
 (2) A family farm corporation or an authorized farm corporation as defined in section 350.010;
 (3) Agricultural land and land capable of being used for farming owned by a corporation as of September 28, 1975 including the normal expansion of such ownership at a rate not to exceed twenty percent, measured in acres, in any five-year period, or agricultural land and land capable of being used for farming which is leased by a corporation in an amount, measured in acres, not to exceed the acreage under lease to such corporation as of September 28, 1975 and the additional acreage for normal expansion at a rate not to exceed twenty percent in any five-year period, and the additional acreage reasonably necessary whether to be owned or leased by a corporation to meet the requirements of pollution control regulations.
 (4) A farm operated wholly for research or experimental purposes, including seed research and experimentation and seed stock production for genetic improvements, provided that any commercial sales from such farm shall be incidental to the research or experimental objectives of the corporation;
 (5) Agricultural land operated by a corporation for the purposes of growing nursery plants, vegetables, grain or fruit used exclusively for brewing or winemaking or distilling purposes and not for resale, for forest cropland or for the production of poultry, poultry products, fish or mushroom farming, production of registered breeding stock for sale to farmers to improve their breeding herds, for the production of raw materials for pharmaceutical manufacture, chemical processing, food additives and related products, and not for resale.
 (6) Agricultural land operated by a corporation for the purposes of alfalfa dehydration exclusively and only as to said lands lying within fifteen miles of a dehydrating plant and provided further said crops raised thereon shall be used only for further processing and not for resale in its original form.
 (7) Any interest, when acquired by an educational, religious, or charitable not for profit or pro forma corporation or association;
 (8) Agricultural land or any interest therein acquired by a corporation other than a family farm corporation or authorized farm corporation, as defined in section 350.010, for immediate or potential use in nonfarming purposes. A corporation may hold such agricultural land in such acreage as may be necessary to its nonfarm business operation; provided, however, that pending the development of agricultural land for nonfarm purposes, such land may not be used for farming except under lease to a family farm unit, a family farm corporation or an authorized farm corporation, or except when controlled through ownership, options, leaseholds, or other agreements by a corporation which has entered into an agreement with the United States of America pursuant to the New Community Act of 1968 (Title IV of the Housing and Urban Development Act of 1968, 42 U.S.C. § 3901-3914) as amended, or a subsidiary or assign of such a corporation; or
 (9) Agricultural lands acquired by a corporation by process of law or voluntary conveyance in the collection of debts, or by any procedure for the enforcement of a lien or claim thereon, whether created by mortgage or otherwise; provided, that any corporation may hold for ten years real estate acquired in payment of a debt, by foreclosure or otherwise, and for such longer period as may be provided by law.
 (10) The provisions of sections 350.010
to 350.030 shall not apply to the raising of hybrid hogs in connection with operations designed to improve the quality, characteristics, profit ability, or market ability of hybrid hogs through selective breeding and genetic improvement where the primary purpose of such livestock raising is to produce hybrid hogs to be used by farmers and livestock raisers for the improvement of the quality of their herds."
While subsection (2) allows family farm corporations or authorized farm corporations, as defined in Section 350.010, to engage in farming or own agricultural land after September 28, 1975, we have previously determined that the corporation referred to in your question 1 does not qualify under either of these definitions. Further, we understand from your request that the questioned corporation does not meet any of the exceptions of subsections (1) or (4) through (10) of Section 350.015. However, the facts provided in question 2 indicate that the disputed corporation owned agricultural land and operated the land as a farm prior to September 28, 1975. Applying the facts supplied in your request to Section 350.015(3), it is our opinion that the corporation you refer to may continue to retain ownership in agricultural land it owned as of September 28, 1975; may continue to engage in farming on that land; may expand its ownership of agricultural land at a rate not to exceed twenty percent measured in acres in any five-year period; and may acquire through ownership or lease additional acreage reasonably necessary to meet the requirements of pollution control regulations.
Your third question asks whether the questioned corporation, if engaged in farming, must file reports with the Director of the Missouri Department of Agriculture. Section 350.020.1
 "1. Every corporation engaged in farming or proposing to commence farming in this state after September 28, 1975, shall file with the director of the state department of agriculture a report containing the following information;
 (1) The name of the corporation and its place of incorporation;
 (2) The address of the registered office of the corporation in this state, the name and address of its registered agent in this state and, in the case of a foreign corporation, the address of its principal office in its place of incorporation;
 (3) The acreage and location listed by section, township and county of each lot or parcel of land in this state owned or leased by the corporation and used for farming, and
 (4) The names and addresses of the officers and the members of the board of directors of the corporation."
Further, Section 350.020.4, RSMo Supp. 1975, provides:
 "Every corporation, except a family farm corporation, engaged in farming in this state shall, prior to April fifteenth of each year, file with the director of the state department of agriculture a report containing the information required in subdivision 1 of this section based on its operations in the preceding calendar year and its status at the end of such year."
It is our opinion that the corporation you refer to must file an annual report giving the information required by Sections 350.020.1 and 350.020.4, since it does not qualify as a family farm corporation.
CONCLUSION
It is the opinion of this office that a corporation, incorporated for the purpose of farming and the ownership of agricultural land in Missouri, whose shares of voting stock are wholly owned and held by a family farm corporation, as defined by Section350.010(5), RSMo Supp. 1975, is neither a "family farm corporation" nor an "authorized farm corporation" within the meaning of Section 350.010(2) or (5), respectively. It is our further opinion that the subsidiary corporation referred to above, which owned agricultural land and operated said land as a farm prior to September 28, 1975, may continue to engage in farming and acquire agricultural land in Missouri within the limitations imposed by Section 350.015(3). We are of the further opinion that the subsidiary corporation referred to above must file an annual report, giving the information required by Sections350.020.1 and 350.020.4, with the Director of the Missouri Department of Agriculture.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. Ltr. No. 224 12/21/76, Kirkpatrick