Dear Mr. Runyan:
This is in response to your recent opinion request which states:
 "I request your legal opinion pertaining to whether the Director must fix fees for services performed by the Grain Inspection and Weighing Division on a uniform basis throughout the State, or may he fix fees in different parts of the state to generate revenue to pay for our cost pertaining to that area of the State."
Chapter 411, RSMo, provides a comprehensive procedure for inspection, grading and weighing of grain in the state of Missouri, under the standards established by the United States Grain Standards Act (7 U.S.C. § 71-87h). We understand from your request that the Missouri Department of Agriculture has been designated the "official agency" for grain inspection and weighing under the provisions of 7 U.S.C. § 79-79(a) and that official inspection locations have been designated in the state of Missouri by the administrator of the Federal Grain Inspection Service of the United States Department of Agriculture, pursuant to 7 U.S.C. § 79.
We have previously construed the provisions of Chapter 411, RSMo, in Opinion No. 37, issued February 2, 1967, copy enclosed, which held that pursuant to Section 411.150, RSMo Supp. 1965 (now Section 411.150, RSMo 1969) fees for services rendered under Chapter 411 are to be set by the commissioner (now director) of the Department of Agriculture for the purpose of producing sufficient revenue to meet the necessary expenses of administering Chapter 411. The intent of Section 411.150 is that administration of the Missouri Grain Warehouse Law be self-sustaining through the collection of fees.
We understand from your request that fees for sampling, inspection, weighing, protein and chemical analysis, moisture testing and other services consistent with the provisions of Sections 411.010 to 411.701, RSMo, are uniformly fixed and applied throughout the state so that the revenue collected from the fees meet the necessary expenses of statewide administration of the Grain Inspection Law. However, we further understand that the administration expenses of several official inspection locations exceed the revenues collected from each location, whereas the administration expenses in the remaining locations are less than the revenues collected at those locations. We believe your request to be whether the fees charged for the various services enumerated above may be fixed at each official inspection location so that the fees collected at that inspection point meet the expenses of inspection provided by the Department at that location.
Section 411.150 provides in part:
 "1. The commissioner shall have full power to fix the fees for sampling, inspection, weighing, protein or other chemical analysis, and moisture testing or for additional services of whatever nature consistent with the provisions of sections 411.010 to 411.701, which fees shall be regulated in such manner as will, in the judgment of the commissioner, produce sufficient revenue to meet the necessary expenses of the services of sampling, inspection, weighing, chemical analysis or moisture testing, and for administration and clerical work in connection therewith."
A primary rule of statutory construction is to ascertain the intent of the legislature in enacting the interpreted statute so as to promote the object and purpose of the act. State ex rel.Zoological Park Subdistrict of the City and County of St. Louisv. Jordan, 521 S.W.2d 369 (Mo. 1975). This requires review of the language of the statute giving the words used therein their plain and ordinary meaning. State v. Kraus, 530 S.W.2d 684
(Mo. Banc 1975).
Following these rules of construction, it appears clear from the express language of the statute that the sole requirement placed on the director of the Department of Agriculture in setting fees is that the fees produce sufficient revenue to meet the expenses of providing services at the inspection locations. The manner in which fees will be set has been left to the discretion and judgment of the director, so long as fee revenues meet the expenses of inspection. It is therefore our opinion that the director may, pursuant to Section 411.150, set fees for grain inspection and sampling services either on a uniform basis throughout the state or on a separate basis at each location, so long as the revenues produced from the fees meet the expenses of administering Chapter 411 on a statewide basis or at each location.
As mentioned previously, we understand that the Missouri Department of Agriculture has been designated the "official agency" for grain inspection and weighing under the provisions of the United States Grain Standards Act (7 U.S.C. § 71-87h). Section 79 (f) (1) (A) (v) of that Act requires that the official agency show to the satisfaction of the administrator of the Federal Grain Inspection Service that it "will not charge official inspection fees that are discriminatory or unreasonable."7 U.S.C. § 79 (f) (1) (A) (v). While we expressly decline to construe the provisions of this section as applied to the setting of fees by the Department of Agriculture pursuant to Section411.150, we would advise that you consult with the administrator prior to making judgment on the future setting of fees.
CONCLUSION
It is the opinion of this office that the provisions of Section 411.150, RSMo 1969, allow the director of the Department of Agriculture to set fees for grain inspection and sampling services either on a uniform basis throughout the state or on a separate basis at each grain inspection location, based on the administrative expenses at that location, so long as the revenues produced from the fees meet the costs and expenses of administering Chapter 411.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Greg Hoffmann.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 37 2/2/67, Davis