Dear Representative Lybyer:
This letter is issued in response to your request for an interpretation of Section 610.105, RSMo Supp. 1975. Such request reads as follows:
 "Is an individual who has been acquitted of a criminal charge in magistrate court or whose case has been dismissed entitled to a copy of the court decree of acquittal or the entry showing dismissal of the case?"
Section 610.105, RSMo Supp. 1975, is as follows:
 "If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged."
In the situation from which your question arises, the magistrate court has allowed the person acquitted of the charges to view the record but will not allow the person a copy of the record.
First, we would direct your attention to basic rules of statutory construction:
 "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning.
* * *
 "The purpose and object of the statute must always be considered." [citations omitted] State v. Kraus, 530 S.W.2d 684, 685 (Mo. banc 1975).
Nothing in the wording of Section 610.105, RSMo Supp. 1975, prohibits a person who has been charged and acquitted from getting a copy of his records which have been closed to the general public pursuant to that section. This section explicitly states that the records are not closed to the person charged. The closing of the records merely prevents the general public from obtaining access. Cohen v. Poelker, 520 S.W.2d 50, 53 (Mo. banc 1975); and Opinion No. 299 — 1973. The purpose of statutes of this type is to ensure that the person who has been charged but not convicted is not burdened by the fact of the charge. Statev. Kraus, supra, at 685-686 (interpreting Section 195.290, RSMo Supp. 1975). Since this statute states explicitly that the records are not closed to the person charged and does not place any restrictions on that person in obtaining access to the records or obtaining copies of them, the person charged cannot be prohibited either from making copies of his records, pursuant to Sections 109.180 and 109.190, RSMo 1969, or from having copies provided him by the clerk.
Section 483.610, RSMo Supp. 1975, provides that clerks of magistrate courts shall charge a certain fee for copies. Since this service is available to persons whose records have not been closed, it should also be available to someone whose records have been closed to the general public but not closed as to him.
Since the purpose of the statute is to protect the accused from being burdened by criminal charges having been made against him in the past, denying him copies of the record showing he was acquitted of a charge would prevent him from taking whatever steps he feels might be necessary to show his innocence to others. This result is so contrary to the language and purpose of the statute that it would be absurd and, therefore, unsupportable.State ex rel. Dravo Corp. v. Spradling, 515 S.W.2d 512, 517 (Mo. 1975).
Very truly yours,
 John Ashcroft Attorney General
Enc: Op. No. 299 — 1973