Dear Mr. Butler:
This opinion is issued in response to your predecessor's request concerning the following questions:
 "Does the Office of Athletics have the authority to regulate full contact karate: More specifically, may the Office of Athletics define boxing, sparring or wrestling by rule such that full contact karate would be considered either boxing, sparring or wrestling under Section 317.020, RSMo 1969?"
Section 317.020, RSMo 1969, provides in pertinent part:
 "That the athletic commission [now Office of Athletics] of the state of Missouri shall have general charge and supervision of all boxing, sparring and wrestling exhibitions held in the state of Missouri, and it shall have the power, and it shall be its duty:
 (1) To make and publish rules and regulations governing in every particular the conduct of boxing, sparring and wrestling exhibitions, the time and place thereof, and the prices charged for admissions thereto;"
The terms boxing, sparring and wrestling are not defined by the statutory language of Chapter 317, RSMo 1969. Apparently the General Assembly assumed that the three sporting activities were familiar to everyone and that no explanation of such common terms needed to be expressed.
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. State v. Krause,530 S.W.2d 684, 685 (Mo. Banc 1975); State ex rel. Dravo Corporationv. Spradling, 515 S.W.2d 512 (Mo. 1974); Missouri PacificR.R. Co. v. Kuehle, 482 S.W.2d 505 (Mo. 1972).
Webster's Third International Dictionary defines each of the pertinent terms as follows:
 boxing: the art of attack and defense with the fists practiced as a sport
sparring: scientific boxing
 wrestling: the sport consisting of the hand to hand combat between two unarmed contestants who seek to throw each other
The above definitions do not contain any reference to karate. Furthermore, the definitions are not so broad as to obviously include other unspecified types of contact sports activity.
The literal meaning of the term karate is "open hand". According to Webster's New World Dictionary of the American Language it is a Japanese system of self-defense characterized chiefly by sharp quick blows delivered with the hands and feet.
Although the interpretation and construction of a statute by an agency charged with its administration is entitled to great weight, the Office of Athletics cannot enlarge upon the scope and terms of the statute governing boxing, sparring and wrestling under the guise of its rulemaking power. Bresler v. Tietjen,424 S.W.2d 65, 70 (Mo. Banc 1968); Foremost-McKesson, Inc. v. Davis,488 S.W.2d 193 (Mo. Banc 1972).
In Bresler v. Tietjen, supra, the Missouri Supreme Court held that a licensing agency "cannot by rule constitute certain conduct violations of the statute which, in the absence of the rules, could not reasonably be so construed."
In California, where full contact karate is now regulated by an athletic commission, full contact karate is defined to be boxing by statute except with reference to certain specified provisions. See Cal. Bus. Prof. Code § 18610 (Cum. Supp. 1978). This office is of the opinion that a similar statutory change must be made by the General Assembly if karate is to be defined as boxing for the purposes of regulatory action.
CONCLUSION
It is the opinion of this office that the Office of Athletics cannot define boxing, sparring, or wrestling by rule or regulation to include full contact karate.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Jerry L. Short.
Very truly yours,
 JOHN ASHCROFT Attorney General