Dear Mr. Mueller:
This opinion is in response to your question asking the following:
 Under Section 195.290, RSMo, may a person who has been sentenced for a drug violation of possession of marihuana of over 35 grams who was not placed on probation but actually served time in the Missouri [Division] of Corrections have his record expunged if at the time of the sentencing, he was under the age of 21 years old.
Section 195.290, RSMo 1978, states in pertinent part as follows:
 After a period of not less than six months from the time that an offender was placed on probation by a court, such person, who at the time of the offense was twenty-one years of age or younger, may apply to the court which sentenced him for an order to expunge from all official records, except from those records maintained under the comprehensive drug abuse prevention and control act, as enacted in 1970, and all recordations of his arrest, trial and conviction. (Emphasis supplied.)
As stated in State v. Kraus, 530 S.W.2d 684 (Mo. banc 1975), "[t]he primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning [citations omitted]." Id. at 685. In the present case, the statute states in clear terms that a drug offender may not take advantage of this expungement provision until "[a]fter [he] . . . was placed on probation by a court." A necessary implication from this is that, if the offender is not placed on probation by the court, he is not entitled to relief under this statute. Accordingly, it must be concluded that, if a drug offender otherwise qualifying under § 195.290 receives any disposition of his offense other than judicial probation, he is not entitled to the expungement of his conviction under that statute.
CONCLUSION
It is the opinion of this office that if a drug offender, otherwise qualifying for expungement of his conviction under § 195.290, RSMo 1978, receives any disposition of his offense other than judicial probation, he is not entitled to the expungement of his conviction under this statute.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General