Dear Mr. Wilson:
This opinion is in response to your question asking the following:
 [Under § 320.235, RSMo 1978], is it legal for the State Fire Marshal to release confidential investigation reports to agencies which are not involved in law enforcement, such as fire departments and insurance companies.
Section 320.235, RSMo 1978, states as follows:
 "From the reports made to him, the state fire marshal shall keep a record of fire losses occurring in this state and of facts concerning them. He shall make the compilations, investigations and statistical summaries he deems proper, all of which shall be kept as permanent records in his office. All records shall be public, except that the state fire marshal may, in his discretion,
withhold from the public, statements and testimony taken in an investigation or examination, correspondence relating to an investigation or examination, confidential reports of private persons and agents, and reports of investigations of fire losses, but any records withheld as herein provided shall be available to the prosecutor of the county in which the fire loss occurred" (emphasis supplied).
As stated in State v. Kraus, 530 S.W.2d 684 (Mo. banc 1975), "[t]he primary rule of statutory construction is to ascertain the intent of the lawmakers from language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." (Citations omitted). Id. at 685. In the present case, the statute in question states in clear terms that the withholding of investigatory statements, testimony and reports from the public is optional and discretionary with the State Fire Marshal, except that such information must always be made available to the prosecutor of the county in which the fire loss occurred. A necessary implication from this statutory language is that the State Fire Marshal is legally entitled to make all of the described material available to the public if he deems this to be appropriate.
The sole possible exception to the above conclusion is implicitly contained in the term "confidential reports" as used in the statute. If the term "confidential" as used therein is deemed to refer to a mere hope or expectation by the supplier of the information that this information shall not be made public, there would be appear to be no legal impediment to the dissemination of this information by the State Fire Marshal. This would not be the case, however, with regard to information required to be kept confidential by some other state or federal law. Some of the state and federal confidentiality statutes which might pertain to records kept by the State Fire Marshal are §§ 610.100 to610.115, RSMo 1978 (arrest records); § 211.321, RSMo. 1978 (juvenile arrest and court records); 21 U.S.C. § 1175 (drug abuse treatment records); and 42 U.S.C. § 4582 (alcoholism treatment records). Where statutes specifically require that certain records or information be kept confidential, it is the view of this office that these statutes must be given effect over any general implication which might be drawn from § 320.235 that such information or records could be disclosed to the public. See State ex rel. Fort Zumwaltschool District v. Dickherber, 576 S.W.2d 532, 536 (Mo. banc 1979).
It is important to emphasize that the fact that the State Fire Marshal may legally disclose investigative records does not signify that he is free of possible civil liability resulting from the contents of those records, and nothing in this opinion is intended to indicate otherwise. Thus, for example, if records released by the State Fire Marshal were to contain false and libelous statements, it is the view of this office that § 320.235 would not in itself preclude a judgment against the Fire Marshal.
CONCLUSION
It is the opinion of this office that § 320.235, RSMo 1978, permits the State Fire Marshal to release investigatory statements, testimony and reports to the public, provided that such statements, testimony and reports are not required to be kept confidential by any state or federal law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General