Dear Senator Bradshaw:
This opinion is in response to your inquiry of this office as follows:
 To what extent, if any, does the Division of Professional Registration, Department of Consumer Affairs, Regulation and Licensing, have the authority to employ, discharge, supervise, set the salaries for, or otherwise control, employees of the Missouri Dental Board? More specifically, does said Division or Department have any authority to authorize or prohibit the employment by said Board of inspectors or investigators?
We understand this question to have arisen when the Missouri Dental Board was first granted appropriations to employ two investigators for Fiscal Year 1980. These positions were filled by the Missouri Dental Board (hereinafter "Board") without incident on October 1, 1979. One investigator resigned immediately and was replaced by the Board on November 1, 1979, with another investigator. However, the Department of Consumer Affairs, Regulation and Licensing has refused to approve the employment of the additional investigator unless the two investigators work under the supervision of the Chief Investigator for the Division of Professional Registration.
The Department of Consumer Affairs, Regulation and Licensing believes it possesses the "authority to hire, supervise and terminate investigators, and to allocate investigative personnel in order to maximize efficiency of that investigative function among the individual boards and commissions," based upon the provisions of the Omnibus State Reorganization Act of 1974 (C.C.S.H.C.S.S.C.S., Senate Bill No. 1, First Extra Session, Seventy-Seventh General Assembly) (hereinafter the "Reorganization Act"). The Missouri Dental Board does not believe that the Reorganization Act has superseded the Board's authority to hire and direct investigative staff for the Board. We have received and considered the attachments to your opinion request and the legal memoranda of the interested parties.
We note initially that § 332.041, RSMo, provides in subsection 3 that:
 The board . . . may employ and pay agents, investigators, legal counsel and other employees reasonable fees and expenses incurred in rendering services considered by the board to be necessary . . .
Section 332.051.2, RSMo, provides in regard to board investigators that:
 Investigators employed by the board shall, among other duties, have the power in the name of the board to investigate alleged violations of this chapter including the right to inspect, on order of the board, dental offices, dental laboratories, dental equipment and instruments with respect to the sanitary conditions and safety thereof.
It is clear that, unless repealed by implication by the Reorganization Act or another provision of law, the Missouri Dental Board has been vested in §§ 332.041 and 332.051.2, RSMo, with the express authority to employ, pay, and direct the duties of investigators for the Board. Likewise, because the duty of conducting inspections is one facet of the duties authorized for Board investigators, and because persons performing inspections fit within the definition of "agents . . . and other employees" of the Board under § 332.041.3, RSMo, the Missouri Dental Board is authorized to employ, pay and direct persons acting in the role of an "inspector" for the Board. To comport with the terminology used in § 332.041
and § 332.051, RSMo, those persons presently performing inspections of the nature described in § 332.051.2, RSMo, should be designated as "investigators".
We do not find that the Reorganization Act or any other provision of law has repealed, or delegated away to the Department of Consumer Affairs, Regulation and Licensing or its Division of Professional Registration, the authority of the Missouri Dental Board to employ (and discharge), supervise, set the salaries for, or otherwise control the employment of investigators or other persons acting as "inspectors" for the Board. It is our opinion that the Missouri Dental Board has retained all of its statutory authority to "employ and pay agents, investigators, legal counsel and other employees reasonable fees and expenses incurred in rendering services" for the Board, except those employees performing solely the "clerical and other staff services relating to the issuance and renewal of licenses," which duties have been reassigned to the Division of Professional Registration. We base this opinion upon the terms of the Reorganization Act, the Constitution of Missouri, and state appellate court decisions governing statutory interpretation.
In 1972, Art. IV, § 12, Mo. Constitution was amended to provide for the reorganization of the executive department by, inter alia, the creation of thirteen administrative departments and the Office of Administration, and directed the assignment of the various "boards, bureaus, commissions and other agencies of the state" to one of these departments or the Office of Administration. The Department of Consumer Affairs, Regulation and Licensing was one department so created. Art. IV, § 36(a), Mo. Constitution (as amended 1972), further defines and describes the Department of Consumer Affairs, Regulation and Licensing. We find nothing in the text of Art. IV, §§ 12, 36(a), Mo. Constitution (as amended 1972), which is instructive in specifying how the employees of the various boards and commissions assigned to the Department of Consumer Affairs, Regulation and Licensing shall be supervised and controlled.
To effectuate the provisions of these constitutional amendments, the "Omnibus State Reorganization Act of 1974" (Reorganization Act) was passed. The key provisions of the Reorganization Act which govern this question are found in § 4, concerning the Department of Consumer Affairs, Regulation and Licensing, at subsections 15 and 16. Subsection 15 establishes the Division of Professional Registration, but vests in that division only limited powers, as follows:
 15. There is hereby established a division of professional registration in the department of consumer affairs, regulation and licensing, headed by a director appointed by the director of the department. The division shall provide clerical and other staff services relating to the issuance and renewal of licenses to all the professional licensing and regulating boards assigned to the division and shall establish a system of accounting and budgeting, in cooperation with the office of administration and the state auditor's office, to insure proper charges are made to the various boards for services rendered to them. The division shall assume the duties required by section 161.242 relating to directories, and all reports shall be filed with the director of the department rather than the commissioner of education.
Subsection 16 transfers the various professional licensing boards, including the Missouri Dental Board, to the Division of Professional Registration by "specific type transfers," in pertinent part as follows:
 16. The division of registration and examination, department of education within chapter 161, RSMo, and others, is abolished and the following boards and commissions are transferred by specific type transfers to the division of professional registration, department of consumer affairs, regulation and licensing: . . . Missouri dental board, chapter 332, RSMo; . . . The governor shall appoint members of these boards by and with the advice and consent of the senate from nominees submitted by the director of the department. The boards and commissions assigned to the division shall exercise all their respective statutory duties and powers, except those clerical and other staff services relating to the issuance and renewal of licenses, which shall be provided by the division, within the appropriation therefor. All clerical and other staff services relating to the issuance and renewal of licenses of the individual boards are abolished. Nothing herein shall prohibit employment of professional examining or testing services from professional associations or others as required by the boards or commissions on contract. Notwithstanding any other provision of law the director of the division shall exercise all management functions of the boards and commissions, including but not limited to the allocation and assignment of space, personnel and equipment.
We find it significant that the Reorganization Act transfers the various boards and commissions to the Division of Professional Registration by "specific type transfers," rather than by the "type I," "type II," or "type III" transfers defined in Section 1, subsection 7.(1)(a)-(c) of the Reorganization Act. Each of the type I, II or III transfers necessarily involves some loss of authority, power or autonomy by the agency transferred. In type I transfers, the loss of authority is complete; in type II transfers the agency loses substantial authority, power and autonomy, but not all. Even under type III transfers, the agency loses supervisory power over its budgeting and reporting, and any other subject where the head of the department is accorded supervisory authority in the Reorganization Act or later acts. However, the reference to a "specific type transfer" does not vest any of the agency's power, authority or autonomy in the department to which it is assigned. See Section 1, subsection 7.(1)(d) of the Reorganization Act. The use of this "specific type transfer" is limited in the Reorganization Act only to the professional licensing boards within the Department of Consumer Affairs at Section 4.16, and to the transfer of certain statutory authority to the Department of Mental Health at Section 9.3.
This transfer of the Missouri Dental Board to the Division of Professional Registration, without loss of authority by that Board, obtains added significance when considered with the plain language of subsection 4.16 of the Reorganization Act, providing that:
 The boards and commissions assigned to the division shall exercise all their respective statutory duties and powers, except those clerical and other staff services relating to the issuance and renewal of licenses, which shall be provided by the division, within the appropriation therefore. [Emphasis added.]
It appears clear that if a board or commission assigned to the Division of Professional Registration possesses the statutory power to employ and pay investigators and other employees, these provisions of the Reorganization Act have not affected that power, except to transfer the clerical and staff personnel who perform the license issuance and renewal services to the Division of Professional Registration.
Our previous Op. No. 49, Sikes, 5/4/76, speaks to the issue of what constitutes "clerical and other staff services relating to the issuance and renewal of licenses." It includes the ministerial acts of preparing and mailing the necessary documents to licensees regarding license renewal, processing the checks and documents received for license renewal, the issuance of the new licenses and renewals of existing licenses, the mailing of these licenses to the proper persons, and the establishment of a system of accounting and budgeting pursuant to § 4.15 of the Reorganization Act "to facilitate the license renewals" and issuance of new licenses, so as to aid the professional licensing boards.
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. State v. Kraus, 530 S.W.2d 684, 685
(Mo. banc 1975). We believe the express limitation of the transfer to the Division of Professional Registration of "clerical and other staff services relating to the issuance and renewal of licenses" (our emphasis) evidences the legislative intent that executive staff positions, legal counsel, investigators, inspectors and support clerical and administrative staff for these positions remain with the boards and commissions which have the statutory authorization for such positions.
It is suggested that Section 1.6(2) of the Reorganization Act vests the Director of the Department of Consumer Affairs, Regulation and Licensing with authority to control and reallocate the investigative staff of the Missouri Dental Board by its terms:
 Unless otherwise provided by this act, the head of each department is authorized to establish the internal organization of the department and allocate and reallocate duties and functions to promote economic and efficient administration and operation of the department.
We do not find this provision of the Reorganization Act to govern the boards and commissions assigned to the Division of Professional Registration. State ex rel. Fort Zumwalt School District v. Dickherber,576 S.W.2d 532, 536-537 (Mo. banc 1979), provides that "[a] specific statute prevails over a general one," and "effect must be given to every clause and section of a statute so that one section will not conflict or destroy another." The specified provisions of Section 4.16 of the Reorganization Act which transfer the boards and commissions by "specific type transfer" and allow them to retain "all their respective statutory duties and powers . . ." constitute a case where it is "otherwise provided by this act," so as to exempt the boards and commissions from control by the director of the department under the quoted portion of Section 1.6(2) of the Reorganization Act. To hold otherwise would cause one general section of the Reorganization Act to conflict with, and supersede, a more specific section of the same act.
We also do not accept the contention that the final sentence of Section 4.16 of the Reorganization Act, providing:
 Notwithstanding any other provision of law the director of the division shall exercise all management functions of the boards and commissions, including but not limited to the allocation and assignment of space, personnel and equipment.
allows the division or department director to allocate or assign those persons, employed by the boards or commissions under statutory authority, to the division, or another board or commission, without the consent of the employing board or commission. These provisions of Section 4.16 of the Reorganization Act must be harmonized if reasonably possible. State ex rel. Fort Zumwalt School District
v. Dickherber, supra; and State ex rel. Safety Ambulance Service,Inc. v. Kinder, 557 S.W.2d 242, 245 (Mo. banc 1977). We believe the only reasonable way to harmonize these provisions is to hold that the division director may allocate and assign space, personnel and equipment in a physical and ministerial sense, but cannot thereby change or affect the employment relationship between a board and its employee, or transfer or diminish the statutory authority of the board to employ, pay, supervise, control or direct its employee. Op. No. 377, Feigenbaum, 12/31/74, which is inconsistent in part with this opinion, is hereby withdrawn.
We note, in passing, that the Director of the Department of Consumer Affairs, Regulation and Licensing does have the apparent authority under Section 1.6(2) to establish within the Division of Professional Registration an independent investigative unit, should he have appropriations available for this purpose. This would aid a board or commission which lacked the statutory authority to employ investigators, and could assist any board or commission which was unable to investigate pending complaints promptly. However, such an independent investigative unit cannot be established in derogation of a board's statutory right to employ, pay, direct and control its own investigators or inspectors within its appropriations.
CONCLUSION
It is the opinion of this office that neither the Division of Professional Registration nor the Department of Consumer Affairs, regulation and Licensing has the authority to employ, prohibit the employment of, discharge, supervise, set the salaries for, or otherwise control statutorily authorized employees of the Missouri Dental Board, including, in particular, investigators or inspectors; except, however, the Division of Professional Registration now possesses the authority to employ, direct and control personnel which provide the clerical and other staff services which relate solely to the issuance and renewal of licenses.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Gregory W. Schroeder.
Very truly yours,
 JOHN ASHCROFT Attorney General