Dear Commissioner Mallory:
This opinion is in response to your request for an opinion on the following questions:
 1. Does the term, "inclement weather", as found in Section 160.041 and 171.033, RSMo., 1978, include days when it is uncomfortably hot?
 2. Is it permissible under provisions of Section 160.041, RSMo., 1978, for a school district to anticipate "inclement weather" and operate its schools on a "reduced schedule" by beginning daily sessions one hour later than usual and dismissing one hour earlier than usual, thereby providing for a school day of four hours?
In our Opinion No. 149-79, Mallory, 1979, we opined that the General Assembly did not intend to include extraordinarily hot days in it use of the phrase "inclement weather". In reaching that conclusion, we relied primarily on the emergency clause contained in Senate Bill 954, 79th General Assembly, which stated:
 Because of the large number of days lost by schools this winter due to the unusually severe winter and because of the necessity for students and teachers in affected schools to begin summer school at times before the school year would end if the district was forced to make up the lost days, this act is deemed necessary for the immediate preservation of the public health, welfare, peace and safety, and is hereby declared to be an emergency act within the meaning of the constitution, and this act shall be in full force and effect upon its passage and approval. Section A, S.B. 954, 79th General Assembly; Mo. Laws 1978, p. 489-90
S.B. 954 was effective April 12, 1978. In addition, we noted in Opinion 149-79, that Webster's New World Dictionary, 2nd Edition, did not include heat in its definition of "inclement".
Opinion 149-79 followed the time-honored canons of construction which require us to seek the intent of the legislature from the language used and to consider the words used in their plain, ordinary meanings. State v. Kraus, 530 S.W.2d 684 (Mo. banc 1975); State ex rel. Dravo Corporation v. Spradling, 515 S.W.2d 512
(Mo. 1974); Buechner v. Bond, 650 S.W.2d 611 (Mo. banc 1983). Our assessment of the intent of the legislature was consistent with the language employed in the emergency clause and with the dictionary definition.
Opinion 149-79 predated the amendment of Section 171.033 by the legislature in 1982, and the canonization of Webster's Third New International Dictionary (1964) by the Missouri Supreme Court. See, Boone County Court v. State, 631 S.W.2d 321 (Mo. banc 1982); Roberts v. McNary, 636 S.W.2d 332 (Mo. banc 1982); Buechner v. Bond, supra. For this reason, we reexamine our holding in Opinion No. 149-79, as you have requested.
We note that H.C.S.S.B 832 (81st General Assembly, Second Regular Session) amended Section 171.033. In this most recent reenactment, the General Assembly made no reference to winter storms as it had in S.B. 954. Therefore, we must examine the ordinary meaning and usage of the term.
We turn now to Webster's Third New International Dictionary, supra, which defines "inclement" as "physically severe or harsh (generally of the elements or weather). . . ." We can think of few things more severe or harsh than the unrelenting heat which oppresses Missouri from time to time. Therefore, we are of the opinion that Section 171.033 includes oppressive heat as it contemplates "inclement weather" and the provisions of that section apply to days on which school is not held due to unusually hot, oppressive weather which destroys the learning environment and which threatens the health and safety of students and school personnel. To the extent Opinion No. 149-79 is inconsistent with our holding herein, Opinion No. 149-79 is withdrawn.
In response to your second question, we note that the provisions of Section 171.033 are not intended to relieve school districts of their obligation to provide education for the students entrusted to their care. In order to qualify for the provisions of the section, the school district must have scheduled "at least two-thirds as many make-up days . . . as were lost in the previous school year. . . ." In addition, the provisions of Section160.041.1, RSMo 1978, relating to inclement weather and the minimum school day apply. That section states, in pertinent part:
 [I]f any school is dismissed because of inclement weather after school has been in session for four or more hours that day shall count as a full day and if school has been in session for two or more hours or more and less than four hours that session shall be counted as one-half day. . . .
As we indicated in Part IV of Opinion No. 149-79, we do not believe that Section 160.041.1 permits advanced scheduling of inclement weather days. The decision as to whether or not it is sufficiently hot to call off all or some portion of a school day must be made on a day-to-day basis and may not be scheduled in advance.
As noted in Opinion No. 149-79:
 The entire scheme of statutory minimums for the school term, average daily attendance, and the number of hours in a school day (which is contained in § 160.041, RSMo 1978) is a guarantee to the children of this state and their parents that a minimum number of hours in a classroom under the guidance of trained teachers will be provided. . . .
It is our opinion that advanced scheduling of inclement weather days is not within the intention of the legislature in providing this guarantee.
Options other than an inclement weather declaration are available to school districts in dealing with hot weather. Missouri law does not presently establish the days upon which a school year must begin or end, nor the times at which a school day is to begin or end. In the face of oppressive heat, the school district may opt to re-schedule its starting day until later in the year, when the temperatures have moderated somewhat, or may choose to start classes earlier in the day. However, such rescheduling does not relieve a school district of the statutory minimum requirements for the school term.
CONCLUSION
It is the opinion of this office that the phrase "inclement weather" as found in Section 171.033, RSMo Supp. 1982, includes days on which the weather is oppressively and extraordinarily hot. Under Section 160.041, RSMo 1978, a school district may not adopt an annual calendar designed to operate its schools on an "inclement weather" anticipation schedule by beginning daily sessions one hour later than usual and dismissing one hour earlier than usual, thereby providing for a school day of four hours. Decisions to adjust specific daily school schedules and operations under Section 160.041 must be made as actual weather facts and forecasts become available.
Very truly yours,
 JOHN ASHCROFT Attorney General