STATE of Missouri, ex inf. John D. ASHCROFT, Attorney General, ex rel. John O. BELL, Relator,

v.

The CITY OF FULTON, Missouri, a Municipal Corporation; The Missouri Joint Municipal Electric Utility Commission; John E. Bates; Richard E. Malon; Keith D. Beardmore; Ray Callanan; and Gerald McHaffie, Respondents.

No. 63940.

Supreme Court of Missouri,
En Banc.

Dec. 3, 1982.

John M. Cave, II, Kansas City, for relator.

Lawrence M. Berkowitz, Richard Monaghan, Kansas City, for respondents.

HIGGINS, Judge.

Relator filed this action in quo warranto claiming amendments six and seven to article VI, section 27 of the Missouri Constitution providing for formation of the Joint Municipal Utility Commission never became part of the constitution and that respondents should be ousted of all rights, power and authority they claim under section 27 as amended. The court granted summary judgment in favor of respondents. Relator charges the trial court erred in its holding that both amendments had become part of the Missouri Constitution; and that the Governor had authority to proclaim the amendment which received the largest affirmative vote of two inherently conflicting amendments became part of the constitu-

tion pursuant to section 126.131 RSMo Supp.1975. Affirmed.

Senate Joint Resolution No. 14 of the First Regular Session of the Seventy-ninth General Assembly proposed amendment six:

JOINT RESOLUTION submitting to the qualified voters of Missouri, an amendment repealing Section 27 of Article VI of the Constitution of Missouri relating to the indebtedness of certain political subdivisions and adopting one new section in lieu thereof relating to the same subject.

Be it resolved by the Senate, the House of Representatives concurring therein:

That at the next general election to be held in the State of Missouri, on Tuesday next following the first Monday in November, 1978, or at a special election to be called by the Governor for that purpose, there is hereby submitted to the qualified voters of this state, for adoption or rejection, the following amendment to Article VI of the Constitution of the State of Missouri:

Section 1. Section 27, Article VI, Constitution of Missouri, is repealed and three new sections adopted in lieu thereof to be known as Sections 27(a), 27(b), and 27(c), to read as follows:

Section 27(a). Any county, city or incorporated town or village in this state, by vote of a majority of the qualified electors thereof voting thereon, may issue and sell its negotiable interest bearing revenue bonds for the purpose of paying all or part of the cost of purchasing, constructing, extending or improving any of the following: (1) revenue producing water, gas or electric light works, heating or power plants; or (2) airports; to be owned exclusively by the county, city or incorporated town or village, the cost of operation and maintenance and the principal and interest of the bonds to be payable solely from the revenues derived by the county, city or incorporated town or village from the operation of the utility or airport.

Section 27(b). Any county, city or incorporated town or village in this state, by a

majority vote of the governing body thereof, may issue and sell its negotiable interest bearing revenue bonds for the purpose of paying all or part of the cost of purchasing, constructing, extending or improving any facility to be leased or otherwise disposed of pursuant to law to private persons or corporations for manufacturing, commercial, warehousing and industrial development purposes, including the real estate, buildings, fixtures and machinery. The cost of operation and maintenance and the principal and interest of the bonds shall be payable solely from the revenues derived by the county, · city or incorporated town or village from the lease or other disposal of the facility. Section 27(c). As used in Article VI, Sections 27(a) and 27(b), the term 'revenue bonds' means bonds neither the interest nor the principal of which is an indebtedness or obligation of the issuing county, city or incorporated town or village.

House Joint Resolution No. 21 of the First Regular Session of the Seventy-ninth General Assembly proposed amendment seven:

JOINT RESOLUTION submitting to the qualified voters of Missouri, an amendment repealing Section 27 of Article VI of the Constitution of Missouri, relating to revenue bonds for utility, industrial and airport purposes and adopting one new section in lieu thereof relating to the same subject.

Be it resolved by the House of Representatives, the Senate concurring therein: That at the next general election to be held in the State of Missouri, on Tuesday next following the first Monday in November 1978, or at a special election to be called by the Governor for that purpose, there is hereby submitted to the qualified voters of this state, for adoption or rejection, the following amendment to Article VI of the Constitution of the State of Missouri:

Section 1. Section 27, Article VI, Constitution of Missouri, is repealed and one new section adopted in lieu thereof, to be known as Section 27, to read as follows:

Section 27. Any city or incorporated town or village in this state, by vote of a majority of the qualified electors thereof voting thereon, and any joint board, commission, officer or officers established by a joint contract between municipalities or political subdivisions in this state, by vote of a majority of the qualified electors voting thereon in each of the municipalities or political subdivisions, may issue and sell its negotiable interest bearing revenue bonds for the purpose of paying all or part of the cost of purchasing, constructing, extending or improving any of the following: (1) revenue producing water, gas or electric light works, heating or power plants; (2) plants to be leased or otherwise disposed of pursuant to law to private persons or corporations for manufacturing and industrial development purposes, including the real estate, buildings, fixtures and machinery; or (3) airports; to be owned by the municipality or by the cooperating municipalities or political subdivisions, either exclusively or jointly or by participation with cooperative, municipally owned or public utilities, the cost of operation and maintenance and the principal and interest of the bonds to be payable solely from the revenues derived by the municipality or by the cooperating municipalities or political subdivisions from the operation of the utility or the lease of the plant. No such joint board, commission, officer or officers established by a joint contract, or any joint venture or cooperative action or undertaking of any kind or character shall purchase, construct, extend or improve any revenue producing water, gas or electric light works, heating or power plants unless and until such joint boards, commissions, officer or officers, or any joint venture, or cooperative action and all utility operations conducted by any joint board, commission, officer or officers are fully regulated in all respects as a public utility.

Both amendments were approved by a majority of the voters. The Governor believed the two amendments were in conflict,

and pursuant to section 126.131 RSMo Supp. 1975, declared the amendment which received the largest affirmative vote, number seven, prevailed over amendment number six.

The City of Fulton and seventeen other Missouri municipalities formed the Missouri Joint Municipal Electric Utility Commission pursuant to the provisions of article VI, section 27 as amended. MJMEUC proposes to build a power plant and to issue approximately $500 million in bonds. In preparation for this activity the Board of Directors of MJMEUC has elected officers and an executive committee; adopted by-laws and appointed an executive director; rented office space, hired personnel, assessed fees to member cities totalling $67,569.00; retained consultants and commissioned feasibility studies; and hired lawyers and accountants.

Relator alleges amendments six and seven were inherently conflicting in that language in each required the repeal of then existing article VI, section 27. Relator contends when such a conflict exists both amendments must fail. Further error is assigned to recognition of the Governor's power to remedy such conflicts under section 126.131. He argues this section applies to constitutional amendments proposed by initiative and not to amendments proposed by referendum as were amendments six and seven.

■ The rules applicable to construction of constitutional provisions are the same as those applied to the construction of statutes, except that the former are given a broader construction due to their more permanent character. *Boone County Court v. Missouri,* 631 S.W.2d 321, 324 (Mo. banc 1982); *State at the Information of Martin v. City of Independence,* 518 S.W.2d 63, 65 (Mo.1974). Where two acts are seemingly repugnant they must be construed together when possible; if they are not irreconcilably inconsistent both must stand. *State v. Kraus,* 530 S.W.2d 684, 686 (Mo. banc 1975). The test for determining whether a conflict exists is whether one amendment prohibits what the other permits or vice versa. *See State ex rel. Hewlett v. Womach,* 355 Mo.

486, 196 S.W.2d 809, 812 (1946); *Vest v. Kansas City,* 355 Mo. 1, 194 S.W.2d 38, 39 (1946).

■ Relator contends the two amendments conflict because both joint resolutions which submitted the amendments to the voters called for repeal of the same section. This does present a conflict; however, as held by the circuit court, the conflict is between the joint resolutions and is not within the text of the amendment. The Supreme Court was faced with a similar situation in *Gabbert v. Chicago, Rock Island and Pacific Ry.,* 171 Mo. 84, 70 S.W. 891 (1902), where the legislature submitted two proposed constitutional amendments which would amend the same section. The Court held: "When the legislature submitted the two amendments, and the people adopted them at the polls, section 28 was amended as proposed, and nothing that the legislature may have said about how the sections read after their adoption could contravene what the constitution requires." *Id.* 70 S.W. at 893. Language in the resolutions will not be construed as part of the amendments.

■ There is no conflict between the texts of the amendments. Amendment six authorizes counties to issue utility or airport revenue bonds with voter approval. It further authorizes the governing bodies of counties and municipalities to issue industrial development revenue bonds. Amendment seven allows officers, established by contract between municipalities or political subdivisions, to issue revenue bonds for utility, industrial and airport development when authorized by voters. Amendment seven appears to include all the power granted in amendment six and provides for formation of joint commissions. Though the language used in the amendments is somewhat different thereby creating some tension between them, there is no irreconcilable conflict. Both amendments became part of the constitution when adopted by the voters.

■ It may be presumed that legislative action is intended to have some substantive

effect. *See Clair v. Whittaker*, 557 S.W.2d 236, 240 (Mo. banc 1977). The holding suggested by relator that adoption of two separate amendments causes each to fail would presume the legislature engaged in a meaningless act. The legislature substantially complied with the method provided for amending the constitution. *See State ex rel. Board of Fund Commissioners v. Holman*, 296 S.W.2d 482 (Mo.1957).

There is no irreconcilable conflict between the amendments, and as demonstrated, both became part of the constitution. Therefore, the construction made for purposes of the Governor's proclamation is without effect, and both amendments are part of the constitution.

The judgment of the trial court is affirmed.

DONNELLY, C.J., RENDLEN, SEILER, WELLIVER and GUNN, JJ., and MAUS, Special Judge, concur.

BILLINGS, J., not sitting.