Dear Senator Wilson:
This is in response to the following question:
 Are public water supply districts created pursuant to section 247.020, RSMo 1978, and presently operating pursuant to sections 247.010 — 247.220, RSMo [hereinafter sometimes referred to as "public water supply districts"] required by the provisions of section 115.060, RSMo, 1978 [sic] to share proportionally the costs of elections?
The facts stated in support of your opinion request are as follows:
 The public water supply districts in my senatorial district have been assessed election costs which include salaries and other expenses. Although it is clear from section 115.065, RSMo Supp. 1983, that such costs are not to be assessed by the election authority, the water districts have to pay under the previous statute, 115.065, RSMo Supp. 1982.
In essence, your question asks us to determine the meaning of the phrase "all costs of the election" as it appears in Section115.065, RSMo Supp. 1983. We must assume from your question that you refer to a public water supply district which presents a question or candidate to the voters on the same election day as either the state or some other special district or political subdivision presents a question or candidate. You do not, we assume, present a factual circumstance governed by Section115.063, RSMo Supp. 1983, which requires a special district or political subdivision presenting the only questions or candidates on a given election to pay "all costs of the election."
Section 115.013(24), RSMo Supp. 1983, states:
 "Special district" means any school district, water district, fire protection district, hospital district, health center, nursing district, or other districts with tax authority, or other district formed under the laws of Missouri to provide limited, specific services;
Public water supply districts possess the power to tax. Sections247.050(11) and 247.120, RSMo 1978. Public water supply districts are "special districts," under the definition of that phrase found in Section 115.013(24).
The phrase "proportional costs" appears only in Section115.065.4. It is defined as follows:
 [O]nly those costs that require an additional out-of-pocket expense by the election authority in conducting an election. It does not include the salaries of full-time employees of the election authority or any indirect expenses for employees such as expenses for workers' compensation, health insurance or other similar expenses.
The clear language of Section 115.065.4 means that only the variable[1] costs of conducting an election are to be borne by the special districts or political subdivisions presenting questions or candidates.
Section 115.065.1 and 115.065.2 each contain the following phrase "all costs of the election shall be paid proportionally. . .." The phrase "proportional costs" does not appear.
Section 115.065.3 uses the phrase "proportional election costs". The phrase "proportional costs" is not employed in Section 115.065.3.
It is presumed that legislative action is intended to have some substantive effect. State ex inf. Ashcroft ex rel. Bell v.City of Fulton, 642 S.W.2d 617 (Mo. banc 1982). Were we to read the statute literally, the addition of subsection 4 to Section115.065 would be meaningless since the phrase defined is not used in the statutes. To avoid a meaningless result, we read the words "all costs" in subsections 1 and 2 of Section 115.065 to mean "all proportional costs". Accordingly, election authorities may not invoke Section 115.065 for the purpose of allocating the salaries of full-time employees in the manner you describe in your question.
In order to alleviate any confusion, we go further than your question requires us to go. We note that the General Assembly did not use the phrase "the cost of all elections" in Section115.065. In our view, the use of that phrase would have authorized the election authorities to allocate its total costs among all special districts or political subdivisions presenting a question or candidate to the voters on a given election day. Irrespective of the definition of "proportional costs" contained in Section 115.065.4, it is our view that election authorities may not assess special districts or political subdivisions a share of their fixed costs of operation.
CONCLUSION
It is the opinion of this office that:
(1) Public water supply districts organized under Sections247.010 to 247.220, RSMo 1978, and Supp. 1983, are "special districts", under the definition of that term in Section 115.013
(24), RSMo Supp. 1983, and must share election costs pursuant to Section 115.065, RSMo Supp. 1983, and
(2) The words "all costs" in Section 115.065.1 and 2, RSMo Supp. 1983, should be read as "all proportional costs" as defined in Section 115.065.4, RSMo Supp. 1983. Election authorities may not allocate the salaries of full-time employees of the election authority among special districts or political subdivisions which present questions or candidates in any election, pursuant to section 115.065, RSMo Supp. 1983.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] The total cost of operating an election authority is comprised of the fixed costs and the variable costs. Fixed costs represent the total expense of operating the election authority even if there are no elections. Fixed costs include, but are not limited to building rental and maintenance, salaries, etc.Variable costs are all costs not included in fixed costs. See
Samuelson, Economics, 443 (8th Edition, 1970).
In our view, "proportional costs" as used in Section115.065.4 are essentially the variable costs of the election authority, i.e., those additional expenses incurred by an election authority as a result of conducting an election.