Dear Mr. Perry:
This letter is in response to your questions:
 Does Section 610.100, et seq, RSMo., require that police investigative reports in felony and misdemeanor prosecutions be "closed" to public inspection in the following instances:
 (1) where a suspect is arrested but thereafter not charged with a criminal offense by the prosecuting attorney; (2) where a suspect is charged with a criminal offense by prosecuting attorney, but the charge is later nolle prosequed, dismissed, or suspended sentence is imposed; (3) where a suspect is identified but not arrested or charged in connection with the incident under investigation.
Section 610.100 et seq., RSMo Supp. 1984 is titled the Arrest Records Law. It is a segment of the "Sunshine Law" (Sections 610.010-.120, RSMo) which pertains to the definition and closure of public records. That chapter defines a public record as any record retained by or of any public governmental body, Section 610.010(4), RSMo Supp. 1984, and directs that such records remain open for public inspection, Section610.015, RSMo 1978, subject to certain enumerated exceptions. Some "exceptions" which require closure of records are contained in the Arrest Records Law about which you inquire. The issue you raise, therefore, is whether police investigative reports are considered public records under the "Sunshine Law" and if so, whether there exists any exception in the Arrest Records Law authorizing or requiring their closure.
In Hyde v. City of Columbia, 637 S.W.2d 251 (Mo.App., W.D. 1982), the court indicated that investigation records of law enforcement agencies generally come within the definition of public records. Id. at 259. The next question is whether there is any provision for their closure, or whether the records and the information contained therein are altogether unprotected from disclosure on demand.
Nothing in Sections 610.100, RSMo Supp. 1984, et seq.,
specifically provides for the closure of police investigative reports. For instance, Section 610.100, which pertains to the closure of arrest records only, reads as follows:
 If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120
Likewise, Section 610.105, RSMo Supp. 1984, which pertains to the closure of certain case records, makes no specific reference to police investigative reports:
 If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
Although the above statutes do not specifically refer to police investigative reports, they do refer to records of the arrest and official records pertaining to the case. The purpose of these statutes would be thwarted if such reports were to remain open while the arrest records or other case records were closed. For example, Section 610.105, as set forth above, mandates the closure of case records if a defendant is charged but not convicted. The purpose of this type of statute is to ensure that persons who have been charged with crimes but not thereafter convicted are not burdened with the stigma of being charged with a criminal offense which they may not have committed. See State v. Krause, 530 S.W.2d 684
(Mo. banc 1975) (interpreting Section 195.230, RSMo Supp. 1975). Closing only the case record, however, would be ineffective in alleviating the stigma of the criminal charge if the public was permitted to obtain the same information from pre-arrest investigative reports. In other words, if the pre-arrest investigative reports remain open, Section 610.105
becomes meaningless. Likewise, the closing of only the arrest and incarceration records under Section 610.100, is a futile effort if the public has access to the same information by examining the police investigative reports.
We note that in Brown v. Weir, 675 S.W.2d 135, 140
(Mo.App. 1984) and Wilson v. McNeal, 575 S.W.2d 802, 810
(Mo.App. 1979) it was held that records of a closed meeting are closed despite the absence of a statute closing such records.
It is presumed that the legislature does not intend to enact absurd laws and the courts favor construction of statutes which avoid unnecessary and unreasonable results. State exrel. McNary v. Hais, 670 S.W.2d 494, 495 (Mo. banc 1984). It is also to be presumed that legislative action is intended to have some substantive effect and that the statute must be construed in light of the purpose that the legislature sought to accomplish. State ex rel. Bell v. City of Fulton642 S.W.2d 617, 620-621 (Mo. banc 1982). Since it would be useless and unreasonable to require the closure of arrest and case records and not also require the closure of police investigative reports, it is our opinion that the law favors the construction which requires the closure of police investigative reports when a person is arrested but not charged, or when a person is charged but the charge subsequently is nolle prossed, dismissed or the accused is found not guilty or imposition of sentence is suspended. Accordingly, we conclude that all investigative records are included in the provisions requiring the closure of official records of the arrest and official records pertaining to the case.
Separate treatment must be given your question asking whether Sections 610.100, et seq., require the closure of police investigative reports in cases where a suspect is identified but is neither arrested or charged with an offense. The Arrest Records Law makes no reference to the closure of any records in this situation. Thus, statutory construction of the Arrest Records Law alone cannot be employed to authorize or mandate the closure of police investigative reports in situations where the suspect has yet to be arrested.
For the answer to your question asking whether all information in a police investigative report should be or must be released to the public upon demand, we must look to other provisions of the Sunshine Law and to case law.
It would not be appropriate for this office to issue you an official opinion on all the situations which might arise because of the myriad factual situations which might exist. Several things, however, are quite clear. First of all, the majority of the questions which might arise are in fact answered by Hyde v. City of Columbia, supra. In addition, it is quite clear that even though a situation might not fall directly under Hyde, it may fall within the theory and teachings of Hyde. Under the express provisions of the Sunshine Law, Section 610.015, RSMo 1978, public records are open, unless, inter alia, it is otherwise provided by law. Such exception is not subject to the voting and other requirements of Section 610.025, RSMo Supp. 1985. See Opinion No. 119-84, copy enclosed. Under Section 610.025, RSMo Supp. 1985, certain records may be closed, by vote, because of express exemption under that law. Records may be or are closed because of the provisions of other statutes and, as extended byHyde, because of other requirements for closure or deletion on a theory of law recognizing personal privacy, the efficient suppression and punishment of crime, the protection of third persons, or the like.
Therefore, while certain information in such situations should be made available to the public, it is clear that other information, depending on the circumstances, must or may be deleted.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 119-84