Dear Representative Howard:
This opinion is in response to your question asking:
 Can a member of a drainage district accept pay for work in the district such as contract mowing, brush clearing or any other service which the drainage board would contract for? If not, are there any penalties for infraction of the law?
The drainage district in question was organized under Chapter 242, RSMo. By the term "member" you refer to a member of the Board of Supervisors provided for in Sections 242.150
through 242.190, RSMo 1986.
Section 105.458.1, RSMo 1986, relating to the regulation of conflict of interest, provides:
 105.458. Prohibited acts by members of governing bodies of political subdivisions, exceptions. — 1. No member of any legislative or governing body of any political subdivision of the state shall:
 (1) Perform any service for such political subdivision or any agency of the political subdivision for any consideration other than the compensation provided for the performance of his official duties; or
* * *
A drainage district organized under Chapter 242, RSMo, is a political subdivision of the state. See Bohannon v. CamdenBend Drainage Dist., 208 S.W.2d 794 (Mo.App. 1948). The Board of Supervisors is the governing body of the district. Thus, Section 105.458 applies to a member of the Board of Supervisors of a drainage district organized under Chapter 242, RSMo.
This statutory provision is consistent with the common law holding that the employment of an individual by a public body of which he is a member is void as against public policy. See
Missouri Attorney General Opinion No. 287, Brandom, 1969; Missouri Attorney General Opinion No. 149, Argenbright, 1967; and Missouri Attorney General Opinion No. 465, Norbury, 1966, copies of which are enclosed.
However, Section 242.200.4, RSMo 1986, specifically provides:
 242.200. Board to elect president and secretary — report — compensation.
* * *
 4. At the annual meeting held under the provisions of section 242.160, the compensation to be received by the members of the board for their services while actually engaged in work for the district shall be determined.
the issue presented is whether Section 242.200.4 permits the conduct about which you are concerned even though such conduct appears prohibited by Section 105.458.1 and the common law.
The canon of statutory construction governing such situation requires that two seemingly incompatible enactments be construed together so that, when possible, both are given effect. State ex rel. Ashcroft v. City of Fulton, 642 S.W.2d 617,620 (Mo. banc 1982). In addition, statutes providing compensation for an officer must be strictly construed against the officer. State ex rel. Smith v. Atterbury, 270 S.W.2d 399
(Mo. banc 1954).
Based on these rules of statutory construction, we conclude Section 242.200.4 refers to compensation for the official duties of the board member such as attendance at meetings. Section105.458.1 and the common law prohibit the board member from accepting pay for work such as contract mowing, brush clearing or other similar services.
With respect to the question concerning penalties, Section105.478, RSMo 1986, provides:
 105.478. Penalty. — Any person guilty of purposefully violating any of the provisions of sections 105.452 to 105.464
is guilty of a felony and, upon conviction, shall be punished by imprisonment by the department of corrections and human resources for a term not exceeding five years, or by a fine of not less than five hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment. On and after January 1, 1979, a violation of sections 105.450 to 105.458, 105.462 to 105.468, and 105.472 to 105.482
shall be considered a class D felony and, upon conviction, shall be punished as provided by law.
Subsection 2 of Section 105.472, RSMo 1986, sets forth the procedure for filing a complaint against an official of a political subdivision concerning a violation of Section 105.458. Such subsection provides:
 105.472. Complaints, how made, contents. —
* * *
 2. All complaints against officials or employees of a political subdivision of the state concerning violations of the provisions of sections 105.450 to 105.458, 105.462 to 105.468, and 105.472 to 105.482
shall be made to the prosecuting attorney or circuit attorney of the appropriate political subdivision in writing. The complaints shall name the person allegedly violating the provisions of sections 105.450 to 105.458, 105.462 to 105.468, and 105.472 to 105.482, the nature of the violation and the date of the commission of the violation and shall be signed by the complainant and shall contain the complainant's statement under oath that he believes, to the best of his knowledge, the truthfulness of the statements contained therein.
CONCLUSION
It is the opinion of this office that a member of the Board of Supervisors of a drainage district organized under Chapter 242, RSMo, may not accept pay for work such as contract mowing, brush clearing or other similar services.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
 Opinion No. 287, Brandom, 1969 Opinion No. 149, Argenbright, 1967 Opinion No. 465, Norbury, 1966