The Honorable Craig Hosmer Representative, District 138 State Capitol Building, Room 110B Jefferson City, MO 65101
Dear Representative Hosmer:
This opinion is in response to your questions asking:
 1. Under Section 610.100, RSMo, as amended by Conference Committee Substitute For Senate Bill No. 554, 87th General Assembly, Second Regular Session (1994), is a police incident report an open record or may a police incident report be closed?
 2. Because Section 610.100 now includes a provision stating "[h]owever, notwithstanding any other provision of law, investigative reports of all law enforcement agencies are closed records until such time as an arrest is made," may a law enforcement agency in its discretion open investigative reports before an arrest is made?
 3. After an arrest is made, are police investigative reports an open record or a closed record?
On the opinion request form you submitted, you state:
 For purposes of question one, I consider a police incident report to be a report prepared at the time a crime or suspected crime is reported to the police. Such report does not contain information relating to any investigative work done by the police but simply contains information often furnished by a person relating to the commission of a crime or suspected crime.
Your questions apparently arise as a result of the amendment in 1994 to Section 610.100, RSMo. Section 610.100, as amended by Conference Committee Substitute For Senate Bill No. 554, 87th General Assembly, Second Regular Session (1994) states:
 610.100. All law enforcement agencies of this state, of any county, and of any municipality, shall maintain records of all arrests made by such law enforcement agency. Records of arrests shall be made available to the public. However, notwithstanding any other provision of law, investigative reports of all law enforcement agencies are closed records until such time as an arrest is made. If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except that the disposition portion of the record may be accessed for purposes of exculpation and except as provided in section 610.120. As used in sections 610.100 to 610.150, the term "arrest" means an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise for a criminal violation which results in the issuance of a summons or the person being booked. The officer must inform the defendant by what authority he acts, and shall also show the warrant if required. [Emphasis added.]
The sentence highlighted above by underlining was added by the 1994 amendment to the section.
With respect to "police investigative reports" Section 610.100 as amended in 1994 by Senate Bill No. 554 provides in part: "However, notwithstanding any other provision of law, investigate reports of all law enforcement agencies are closed records until such time as an arrest is made." Based on this amendment, police investigative reports are to be closed records until such time as an arrest is made.
The issue for consideration is what materials constitute "investigate reports" for purposes of the statute. The term "investigative reports" is not defined by statute. Principles of statutory interpretation require ascertaining the legislative intent from the language of the act, considering words used in their plain and ordinary meaning. Sullivanv. Carlisle, 851 S.W.2d 510, 512 (Mo. banc 1993). Undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of the lawmakers. Asbury v. Lombardi,846 S.W.2d 196, 201 (Mo. banc 1993). Webster's Third New International Dictionary defines "investigate" as "to make a systematic examination; study." Using the dictionary definition, the "investigative reports" referred to in the newly-added provision of Section 610.100 would include materials gathered by the police in inquiring into the crime or suspected crime. While it is not feasible to itemize all of the information that might be deemed "investigative," materials containing information such as the names of suspects, leads to be followed, laboratory test results, interviews with suspects or possible suspects, and interviews with witnesses initiated by the police are a few examples of materials that would be closed under the newly-added provision in Section 610.100.
Such "investigative reports" are distinguishable from "incident reports." Webster's Third New International Dictionary defines "incident" as "an occurrence of an action or situation felt as a separate unit of experience,. . .an uncommon happening." An incident report would contain information about the crime or suspected crime that has occurred but would not contain information relating to the investigation of such crime by the police. An incident report might include the date and time of a crime, the type of crime, the location of the crime, and similar information. Such "incident report" would contain information relating to the particular event, occurrence that is a crime or suspected crime.
In some instances, the same document may contain material deemed part of a "police incident report" and material deemed part of a "police investigative report." In such instances, the document may need to be revised so as to segregate material deemed part of a "police incident report" from that which would constitute a "police investigative report." Section 610.024, RSMo Supp. 1993.
There are no statutory provisions that relate specifically to "police incident reports." Section 610.010(6), RSMo Supp. 1993, defines a "public record" as "any record . . . retained by or of any public governmental body. . . ." Section 610.011 RSMo Supp. 1993, provides in part:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, . . . all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
Section 610.023.2, RSMo Supp. 1993, provides in part "[e]ach public governmental body shall make available for inspection and copying by the public of that body's public records." There is no statutory provision that specifically closes police incident reports. Therefore, such "police incident reports" are public records open for inspection and copying except as otherwise provided by law.
There are two exceptions which authorize closure of all or part of a "police incident report." The first exception is Section 610.150, RSMo Supp. 1993, which provides:
 610.150. "911" telephone reports confidential, exceptions. — Any information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, "911", shall be inaccessible to the general public. Such information shall be available upon request by law enforcement agencies or the division of workers' compensation or pursuant to a valid court order authorizing disclosure upon motion and good cause shown.
Based on Section 610.150, a police incident report is closed to the general public to the extent of any "information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, `911'."
A second exception is derived from Hyde v. City of Columbia,637 S.W.2d 251 (Mo.App. 1982). In the Hyde case, the court determined that the name and address of a victim of crime who can identify an assailant not yet in custody is not a public record
under the Sunshine Law. Id., 637 S.W.2d at 263. [Court's emphasis.] Based on the Hyde case, the name and address of a victim who can identify an assailant who has not been apprehended must be deleted from an incident report before such a report is made public. Furthermore, information on an incident report which could lead to determination of the name and address of a victim who can identify an assailant who has not been apprehended must be deleted before such report is made public. In Attorney General Opinion Letter No. 42-86, we stated:
 . . . it is quite clear that even though a situation might not fall directly under Hyde, it may fall within the theory and teachings of Hyde. . . . Records may be or are closed because of the provisions of other statutes and, as extended by Hyde, because of other requirements for closure or deletion on a theory of law recognizing personal privacy, the efficient suppression and punishment of crime, the protection of third persons, or the like.
Id. at 4.
To address your second question regarding whether Section 610.100, as amended in 1994 by Senate Bill No. 554, authorizes a law enforcement agency to utilize its discretion to open investigative reports before an arrest is made, we must look to the plain language of the amendment.[1] Legislative intent should be ascertained from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. Brownstein v. Rhomberg-Haglin and Associates, Inc.,824 S.W.2d 13, 15 (Mo. banc 1992). The language of Section 610.100 that "investigative reports of all law enforcement agencies are closed records until such time as an arrest is made" (emphasis added), suggests that closure is mandatory, rather than discretionary.
Related clauses are to be considered when construing a particular portion of a statute. Marre v. Reed, 775 S.W.2d 951, 953 (Mo. banc 1989). If interpreted as mandating closure of law enforcement investigative reports, Section 610.100, as amended, would remain consistent with other provisions for closure contained within Sections 610.100 et seq.
RSMo Supp. 1993, (commonly referred to as the Arrest Records portion of the Missouri Sunshine Law). For example, Section 610.100 in pertinent part, states:
 If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of and detention or confinement incident thereto shall thereafter be closed records except that the disposition portion of the record may be accessed for purposes of exculpation and except as provided in section 610.120. [Emphasis added.]
Section 610.105 mandates that:
 If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed
records when such case is finally terminated except that the disposition portion of the record may be accessed for purposes of exculpation and except as provided in section 620.120. [Emphasis added.]
 Interpreting closure of law enforcement investigative reports as mandatory until a time as an arrest is made is congruent with the intended purpose of other statutory provisions which ensure that persons who have been charged with crimes but not thereafter convicted are not burdened with the stigma of being charged with a criminal offense. See State v. Kraus, 530 S.W.2d 684 (Mo. banc 1975) (interpreting Section 195.290, RSMo Supp. 1975). Similarly, if an arrest is not made, named suspects should not suffer the stigma of being so named.
A third consideration when construing the effect of Senate Bill No. 554 on law enforcement investigative reports requires that we examine the placement of the amendment by the legislature within Section 610.100. As previously discussed, Sections 610.100, et seq., RSMo, contain numerous provisions which prohibit the disclosure of certain information under specific circumstances. In contrast, Section 610.021, RSMo Supp. 1993, enumerates fifteen (15) subsections where a public governmental body is authorized to close certain records. The language of Section 610.021, in and of itself, appears discretionary as it empowers a public governmental body to close records but does not mandate that such records be closed. Because the closure of law enforcement investigative reports is addressed within the Arrest Records portion of the Sunshine Law, rather than under the discretionary closure provisions provided by Section 610.021, we may infer that the legislature intended this closure provision to be mandatory as well.
Your third question refers specifically to the status of police investigative reports after such time as an arrest is made. The Missouri Supreme Court has promulgated specific rules which regulate the disclosure of information upon the filing of the indictment or information in criminal proceedings. Missouri Supreme Court Rules 25.01 et seq.
The Supreme Court is authorized to promulgate such rules pursuant to Article V, Section 5 of the Missouri Constitution as amended in 1976:
 The supreme court may establish rules relating to practice, procedure and pleading for all courts . . . which shall have the force and effect of law . . . . Any rule may be annulled or amended in whole or in part by a law limited to the purpose.
Mo. Const., Art. V, Sec. 5. In those cases where the Missouri Supreme Court adopts a rule in accordance with the above constitutional provision, and such rule is "inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes the statute." State ex. rel. McCulloch v. Lasky, 867 S.W.2d 697,699 (Mo.App. 1993). Furthermore, "a statute must specifically refer to a rule in order to amend or annul it." State v. Conklin, 767 S.W.2d 112,118 (Mo.App. 1989).
Supreme Court Rules 25.01, et seq., are procedural in nature. These rules set forth specific procedures and timing requirements which mandate when certain information in the possession of the state must be made available to a criminal defendant. For instance, Rule 25.02 sets forth the time frame for discovery requests to be served and the time such answers are to be filed. In addition, Rules 25.03, 25.04, 25.07, 25.08, 26.01, 26.02 and 26.03 provide a framework for pre-trial discovery and all relevant disclosures of information or materials. Conversely, Rules 25.10 and 25.11 regulate when information or materials are not subject to disclosure. When viewed in their entirety, these provisions appear to be inconsistent with the idea that all police investigative reports are "open" public records once an arrest is made.
Section 610.100, as amended by Senate Bill No. 554, does not contain any provisions expressly referring to Rules 25.01 et seq., or purporting to amend or annul these rules. Therefore, Rules 25.01 etseq., govern the disclosure of certain information pertaining to a criminal case upon the filing of the indictment or information. To the extent those rules mandate the timing and substance of disclosure of certain information contained within a police investigative report, the Supreme Court Rules of Criminal Procedure must govern. To find otherwise would be to completely circumvent the provisions of Supreme Court Rules 25.01 et seq.
However, upon the completion of the criminal legal action, the status of the police investigative report must be reevaluated. The disposition of the criminal proceeding impacts whether the police investigative report is an open record or a closed record. There is no express statutory provision closing police investigative reports after the completion of the criminal legal action similar to the new provision in Section 610.100 which closes such investigative reports "until such time as an arrest is made." So in most situations the police investigative report becomes an open record at the conclusion of the criminal legal action. However, as discussed in Missouri Attorney General Opinion Letter No. 42-86, issued April 1, 1986, when official records of the arrest or case are closed, the investigative reports are also closed. This opinion, in pertinent part, states:
 Although the above statutes do not specifically refer to police investigative reports, they do refer to records of the arrest and official records pertaining to the case. The purpose of these statutes would be thwarted if such reports were to remain open while the arrest records or other case records were closed. For example, Section 610.105, as set forth above, mandates the closure of case records if a defendant is charged but not convicted. The purpose of this type of statute is to ensure that persons who have been charged with crimes but not thereafter convicted are not burdened with the stigma of being charged with a criminal offense which they may not have committed. See State v. Krause, 530 S.W.2d 684 (Mo. banc 1975) (interpreting Section 195.230, RSMo Supp. 1975). Closing only the case record, however, would be ineffective in alleviating the stigma of the criminal charge if the public was permitted to obtain the same information from pre-arrest investigative reports. In other words, if the pre-arrest investigative reports remain open, Section 610.105 becomes meaningless. Likewise, the closing of only the arrest and incarceration records under Section 610.100, is a futile effort if the public has access to the same information by examining the police investigative reports.
 We note that in Brown v. Weir, 675 S.W.2d 135, 140
(Mo.App. 1984) and Wilson v. McNeal, 575 S.W.2d 802, 810
(Mo.App. 1979) it was held that records of a closed meeting are closed despite the absence of a statute closing such records.
 It is presumed that the legislature does not intend to enact absurd laws and the courts favor construction of statutes which avoid unnecessary and unreasonable results. State ex rel. McNary v. Hais, 670 S.W.2d 494, 495 (Mo. banc 1984). It is also to be presumed that legislative action is intended to have some substantive effect and that the statute must be construed in light of the purpose that the legislature sought to accomplish. State ex rel. Bell v. City of Fulton 642 S.W.2d 617, 620-621 (Mo. banc 1982). Since it would be useless and unreasonable to require the closure of arrest and case records and not also require the closure of police investigative reports, it is our opinion that the law favors the construction which requires the closure of police investigative reports when a person is arrested but not charged, or when a person is charged but the charge subsequently is nolle prossed, dismissed or the accused is found not guilty or imposition of sentence is suspended. Accordingly, we conclude that all investigative records are included in the provisions requiring the closure of official records of the arrest and official records pertaining to the case.
Attorney General Opinion Letter No. 42-86 at pp. 2-3.
CONCLUSION
It is the opinion of this office that 1) police incident reports are open records except a) as closed by Section 610.150, RSMo Supp. 1993, the emergency number "911" statute, and b) as closed under the principles ofHyde v. City of Columbia, 637 S.W.2d 251 (Mo.App. 1982); 2) police investigative reports are closed under Section 610.100, RSMo, as amended by Conference Committee Substitute for Senate Bill No. 554, 87th General Assembly, Second Regular Session (1994) until such time as an arrest is made.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] The discussion herein does not preclude a law enforcement agency from releasing selected information that might assist in the apprehension of the criminal such as a description of the suspect.